TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

_____

|  |  |  |
|---|---|---|
| | : | |
| OPINION | : | No. 98-1012 |
| | : | |
| of | : | March 10, 1999 |
| | : | |
| BILL LOCKYER | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JIM COSTA, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May an irrigation district that charges for water on a per-acre basis regardless of usage, the amount of which was established prior to November 6, 1996, adopt a surcharge based upon the amount of water used, without complying with the notification and hearing procedures specified in section 6 of article XIII D of the Constitution?

CONCLUSION

An irrigation district that charges for water on a per-acre basis regardless of usage, the amount of which was established prior to November 6, 1996, may not adopt a surcharge based upon the amount of water used, without complying with the notification and and hearing procedures specified in section 6 of article XIII D of the Constitution.

ANALYSIS

The Alta Irrigation District ("District") is an agency governed by the Irrigation District Law (Wat. Code, §§ 20500-29978). The District makes irrigation water available to landowners through a system of canals. The District has levied a per-acre charge that is collected whether or not a particular landowner uses any water. The annual fee is at the same rate that was in effect prior to November 6, 1996. Besides continuing the per-acre charge, the District is proposing to add a surcharge based upon the amount of water actually used by each landowner. We are asked to determine whether the District must comply with the notification and hearing procedures established in section 6 of article XIII D of the Constitution when it adds the surcharge. We conclude that it must.

Article XIII D of the Constitution was adopted at the general election of November 5, 1996, as part of an initiative measure known as Proposition 218. Section 6 of article XIII D provides:

"Property-Related Fees and Charges. (a) Procedures for New or Increased Fees and Charges. An agency shall follow the procedures pursuant to this section in imposing or increasing any fee or charge as defined pursuant to this article, including, but not limited to, the following:

"(1) The parcels upon which a fee or charge is proposed for imposition shall be identified. The amount of the fee or charge proposed to be imposed upon each parcel shall be calculated. The agency shall provide written notice by mail of the proposed fee or charge to the record owner of each identified parcel upon which the fee or charge is proposed for imposition, the amount of the fee or charge proposed to be imposed upon each, the basis upon which the amount of the proposed fee or charge was calculated, the reason for the fee or charge, together with the date, time, and location of a public hearing on the proposed fee or charge.

"(2) The agency shall conduct a public hearing upon the proposed fee or charge not less than 45 days after mailing the notice of the proposed fee or charge to the record owners of each identified parcel upon which the fee or charge is proposed for imposition. At the public hearing, the agency shall consider all protests against the proposed fee or charge. If written protests against the proposed fee or charge are presented by a majority of owners of the identified parcels, the agency shall not impose the fee or charge.

"(b) Requirements for Existing, New or Increased Fees and Charges. A fee or charge shall not be extended, imposed, or increased by any agency

unless it meets all of the following requirements:

"(1) Revenues derived from the fee or charge shall not exceed the funds required to provide the property-related service.

"(2) Revenues derived from the fee or charge shall not be used for any purpose other than that for which the fee or charge was imposed.

"(3) The amount of a fee or charge imposed upon any parcel or person as an incident of property ownership shall not exceed the proportional cost of the service attributable to the parcel.

"(4) No fee or charge may be imposed for a service unless that service is actually used by, or immediately available to, the owner of the property in question.  Fees or charges based on potential or future use of a service are not permitted.  Standby charges, whether characterized as charges or assessments, shall be classified as assessments and shall not be imposed without compliance with Section 4.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) Voter Approval for New or Increased Fees and Charges.  Except for fees or charges for sewer, water, and refuse collection services, no property-related fee or charge shall be imposed or increased unless and until that fee or charge is submitted and approved by a majority vote of the property owners of the property subject to the fee or charge or, at the option of the agency, by a two-thirds vote of the electorate residing in the affected area. The election shall be conducted not less than 45 days after the public hearing. An agency may adopt procedures similar to those for increases in assessments in the conduct of elections under this subdivision.

"(d) Beginning July 1, 1997, all fees or charges shall comply with this section."

For purposes of this constitutional provision, a "fee" or "charge" is "any levy other than an ad valorem tax, a special tax, or an assessment, imposed by an agency upon a parcel or upon a person as an incident of property ownership, including a user fee or charge for a property related service."  (Cal. Const., art. XIII D, § 2, subd. (e).)  A "property related service" is "a public service having a direct relationship to property ownership."  (Cal. Const., art. XIII D, § 2, subd. (h).)

98-1012

In 80 Ops.Cal.Atty.Gen. 183 (1997), we considered whether a charge for water based solely upon the amount used and not as an incident of property ownership was subject to the requirements of article XIII D; we concluded that it was not. Landowners were not required to be connected to the system, and non-landowners could purchase the water. In reaching our conclusion that the charges in question were not governed by article XIII D, we observed:

". . . A water charge that is based upon the ownership of land and calculated based upon the amount of land involved must be said to have a 'direct relationship to property ownership.' Water Code section 71630, for example, permits a municipal water district to fix a 'water standby assessment or availability charge' whether the water is actually used or not (see Cal. Const., art XIII D, § 6, subd. (4)), and such fees are calculated based upon acreage owned. (Wat. Code, § 71631.)

"On the other hand, a water charge that is imposed whether the purchaser is a landowner or not, such as upon construction companies for filling their water tank trucks (see Wat. Code, § 71610), would not have a 'direct relationship to property ownership.' " (*Id.*, at p. 185.)

It is apparent here that the District's per-acre charge for delivering irrigation water to landowners is a fee for a property-related service. The water is used in connection with real property, it is assessed only upon landowners, and even those landowners who do not choose to use the District's water receive some benefit from the irrigation system since the water in the canals assists in recharging groundwater supplies and maintaining the water table. The District's existing levy is thus a fee for a property-related service and is imposed as an incident of property ownership.

May the District impose a surcharge, measured by the amount of water usage, without complying with article XIII D of the Constitution? The surcharge will change neither the persons liable for the principal charge nor the purpose of the water delivery system. Even though the amount of the surcharge will be determined by the amount of water used, it will still be a fee for a property-related service and fall only on those subject to the per-acre charge as an incident of property ownership. The proposed surcharge will thus constitute a new property-related levy imposed solely upon landowners.

We note, however, that article XIII D, section (6) of the Constitution establishes various exemptions from the constitutional requirements for certain new fees and charges. With respect to the requirement of voter approval (Cal. Const., art. XIII D, § 6, subd. (c)), an exemption is provided for "fees or charges for sewer, water, and refuse collection services." For purposes of this exemption, the Legislature has defined the term

"water" as follows: "'Water' means any system of public improvements intended to provide for the production, storage, supply, treatment or distribution of water." (Gov. Code, § 53750, subd. (m).) A system of canals supplying irrigation water falls within this definition; it may be contrasted with the function of a storm drainage system, which removes excess water from property and does not qualify for the exemption from the voter approval requirement. (See 81 Ops.Cal.Atty.Gen. 104 (1998).)

In answer to the question presented, therefore, we conclude that an irrigation district that charges for water on a per-acre basis regardless of usage, the amount of which was established prior to November 6, 1996, may not adopt a surcharge based upon the amount of water used, without complying with the notification and hearing procedures specified in section 6 of article XIII D of the Constitution.

\* \* \* \* \*